UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ED AGUILAR,<br><br>              Plaintiff,<br><br>      v.<br><br>CH2MHILL HANFORD GROUP, INC., a Washington Corporation,<br><br>              Defendant. | No. CV-02-5055-JLR<br><br>ORDER DENYING MOTION FOR NEW TRIAL |

**BEFORE THE COURT** is Plaintiff's motion for new trial, Ct. Rec. 199. Plaintiff is represented by John Sheridan. Defendant is represented by James Kalamon.

**BACKGROUND**

This action arises out of Plaintiff's employment with Defendant at the Hanford site in Richland, Washington. Plaintiff, a Hispanic employee, caused a minor traffic accident while operating a company truck on August 2, 2001. At the end of the work day, Defendant ordered Plaintiff to submit to a drug test or face discipline for insubordination. Plaintiff, under protest, agreed to submit to the drug test. Plaintiff contends he was tested because of his national origin. Based on this incident, and other events, Plaintiff brought claims against Defendant for national origin discrimination, hostile work environment, and retaliation under the Washington Law Against Discrimination, RCW 49.60 et seq., and Title VII, 42 U.S.C. §§ 1981 and 2000(e), et seq. Plaintiff's claims were tried before an eight-

ORDER DENYING MOTION FOR NEW TRIAL - 1

person jury during a seven-day trial. The jury returned a defense verdict after deliberating for approximately two hours and forty-five minutes. Plaintiff now moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Plaintiff argues the Court erred by excluding Plaintiff's Exhibit No. 52 and testimony pertaining to a "key" witness' bias against Plaintiff.

**DISCUSSION**

Under Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a new trial "on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]" Fed. R. Civ. P. 59(a). The authority to grant a new trial is confined almost entirely to the exercise of sound discretion on the part of the trial court. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980). Evidentiary rulings are reviewed for an abuse of discretion. *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 688 (9th Cir. 2001). "A new trial is only warranted on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a party." *United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992). Prejudice exists only if the Court concludes that, more probably than not, its evidentiary ruling tainted the jury verdict. *Tennison*, 244 F.3d at 688.

Here, Plaintiff argues the Court abused its discretion by excluding Plaintiff's Exhibit No. 52 and testimony pertaining to witness Vicki Lacotti's alleged bias against Plaintiff. Exhibit No. 52 is an email dated December 17, 1999, from Carolyn Howard to

Randall Lee, and includes two pages of attachments. Carolyn Howard was an employee of Lockhead Martin in the Industrial Relations Department. At the time of the email, Plaintiff was employed by Lockhead Martin, not Defendant. One of the attachments to the email is Plaintiff's written disciplinary warning that he received on August 25, 1998. The written warning also indicates that Plaintiff had previously received a verbal disciplinary warning on March 3, 1998. The second attachment to the email is an interoffice memo from Bill Engel, Manager of Lockhead Martin's Industrial Relations. The memo states that Industrial Relations decided to deny Plaintiff's request to have the two disciplinary letters (verbal warning dated 3/3/98 and written warning dated 8/26/98) removed from his personnel file.

　　　Plaintiff moved to admit Exhibit No. 52 on the fourth day of the trial, after Ms. Lacotti had testified, and while Plaintiff was testifying. Defendant objected to the relevance of the exhibit on the basis that the events underlying the disciplinary warnings occurred before Plaintiff was employed by Defendant. The Court sustained Defendant's objection and ruled that Plaintiff's Exhibit No. 52 would not be admitted. The Court concluded that the merits of Plaintiff's disciplinary warnings received from his previous employer were not relevant to Plaintiff's discrimination claims against his current employer. Furthermore, the Court exercised its explicit authority to exclude, at best, marginal evidence with the potential to confuse the jury and waste valuable trial time. Fed. R. Evid. 403.

Plaintiff argues Exhibit No. 52 should have been admitted under Federal Rule of Evidence 607 to impeach Ms. Lacotti, who was Defendant's Labor Relations Manager at the time Plaintiff was drug tested. Plaintiff contended at trial that Ms. Lacotti was involved in the decision to administer the drug test to Plaintiff. Plaintiff asserts that Exhibit No. 52 shows "Ms. Vicki Lacotti was an active participant in targeting Mr. Aguilar during their prior employment" and that the exhibit should have been admitted as extrinsic evidence of bias on the part of Ms. Lacotti. Specifically, Plaintiff contends that showing a history of bias against Plaintiff by Ms. Lacotti would have helped the jury understand why Plaintiff did not think he could report to Ms. Lacotti when co-workers and his supervisors were calling him names, and why he felt he was being set-up for termination by Ms. Lacotti when he was drug tested.

Plaintiff's Exhibit No. 52 does not contain any evidence of bias on the part of Ms. Lacotti. None of the documents contained in Exhibit No. 52 were authored by Ms. Lacotti, nor is there any evidence that Ms. Lacotti was the decision-maker with respect to the incidents underlying Plaintiff's disciplinary warnings discussed in Exhibit No. 52. Moreover, Plaintiff did not attempt to admit this exhibit when Ms. Lacotti was on the witness stand. Contrary to Plaintiff's contention, Exhibit No. 52 does not show "Ms. Lacotti was an active participant in targeting Mr. Aguilar during their prior employment" or that "Ms. Lacotti came to CH2MHill with a discriminatory animus against Mr. Aguilar." Furthermore, Plaintiff

had ample opportunity to, and indeed did, explore Ms. Lacotti's alleged bias against Plaintiff.

Finally, Plaintiff has not shown that the Court's exclusion of Exhibit No. 52, or testimony pertaining to the history of the relationship between Plaintiff and Ms. Lacotti, substantially prejudiced Plaintiff. Plaintiff's argument in support of his motion disregards the fact that the evidence presented at trial did not conclusively establish that Ms. Lacotti was the decision-maker or even the moving force behind the decision to drug test Plaintiff. Multiple witnesses testified during the trial that Connie Carson was the person who ultimately made the decision to drug test Plaintiff. Plaintiff argues he presented the jury with testimony showing that these witnesses should not be believed. Plaintiff also presented testimony challenging Defendant's proffered nondiscriminatory reason for giving Plaintiff a drug test. Apparently the jury did not agree.

**CONCLUSION**

The Court has carefully considered Plaintiff's motion and concludes that it should be denied. Plaintiff's arguments in support of his motion for a new trial consist of restatements of substantive arguments made during trial. The Court considered these issues during the course of the trial, and the Court adheres to its prior rulings and explanations. The admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion. *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir.

1996).  The Court cannot conclude that its evidentiary rulings more probably than not tainted the jury verdict.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a new trial, **Ct. Rec. 199,** is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   14th    day of April, 2005.

                    s/James L. Robart                    
                          James L. Robart
                    United States District Judge

ORDER DENYING MOTION FOR NEW TRIAL - 6